## PHILLIPS *v.* TYNES.

### [75 South. 775, Division B.]

1. WILLS. *Devise in trust for grandchildren. Estates tail. Statute.*

    Where a testator by a codicil devised to his sons as trustees and to their survivor, the part of his estate which had been bequeathed to his deceased daughters, with full title to be held, dealt with, sold, reinvested and in their discretion, for the sons of the deceased daughters, provided that in the event of the death without surviving children of either of the grandsons, before final distribution, the estate set apart for distribution in the discretion of the trustees should revert to the testator's children or their descendant's, and be equally divided among them by representation, such a will did not violate our statute against perpetuities. Code 1906, section 2765.

2. SAME.

    Under such a will the full disposition of the title would be determined upon the death of the grandson and such a contingency is in no wise remote under the rule against perpetuities and the rule against remoteness is not violated.

3. SAME.

    Under such a will the trustees have full power to convey a good title even during the life of the trust and so the rule against inalienability is not violated.

APPEAL from the chancery court of Lee county.

HON. A. J. McINTYRE, Chancellor.

Petition by Tynes Phillips, minor, by next friend, H. S. Phillips, against W. D. and Odie Tynes, executors, to construe will of W. D. Tynes, Sr. From the judgment, petitioner appeals.

Section 2765 of the Code of 1906, referred to in the opinion, is as follows:

"Estates in fee-tail are prohibited; and every estate which, but for this statute, would be an estate in fee-tail, shall be an estate in fee-simple; but any person may make a conveyance or a devise . . . to a succession of donees then living, not exceeding two, and to the heirs of

the body of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple.''

*W. D. & J. R. Anderson,* for appellant.

In discussing this matter we are going to treat as settled without reference to any authorities, because we feel sure it is not necessary, that words of inheritance are not necessary in a will in order to pass a fee. If in order to carry out the purpose of a will, it is necessary for the fee to pass to the trustee, it passes without words of inheritance. We contend that the trustees in in this will took the legal title to the trust estate of Tynes Phillips, the appellant, with the absolute power to dispose of the estate in fee. It is apparent that the purpose of the testator could not be carried out in any other manner. Furthermore we contend that the language of the will bearing on this question is too plain for discussion.

Trustees did not take a dry legal trust. If nothing but the dry legal title had been conferred, the trust would have been executed by the statute of uses and on the death of his grandfather, Tynes Phillips would have taken at once the entire beneficial interest, legal and equitable. In other words the trust would have been closed at once by the statute of uses. 39 Cyc. 206.

This is not a dry legal trust; it is an active trust. The testator has separated for a time, and we submit for an unlawful time, the legal title and the beneficial interest. The testator by this will and codicil sends the the legal title down one line and the beneficial title down another and he fails to provide for their uniting within the period fixed by our statute against perpetuities. Section 2765 of the Code of 1906, prohibits perpetuities except to the extent that conveyances and devises of land may be made ''to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and in default thereof,

to the right heirs of the donor in fee simple."
The policy of the law is that the vesting of the fee or
entire beneficial interest shall not be taken out of the
channels of trade and commerce beyond the time limited
by this statute. This statute applies with the same force
to trusts and other equitable estates as it does to legal
estates. 30. Cyc. 1495.

And the rule applies to the legal title held in trust
with the same force it does to the beneficial interest.
The question is whether the trust may be closed within
the time limited, or whether it must be closed. 30 Cyc.
1483.

Where the rule is violated the taker of the beneficial
interest takes at once the entire interest in fee. The
statute so provides. This principle is illustrated by
the following cases: *Caldwell v. Willis,* 57 Miss. 555;
*Middlesex* v. *Fields,* 84 Miss. 646; *Hudson* v. *Grey,* 58
Miss. 882; *Gilley* v. *Neville,* 55 So. 289.

These cases are in point as illustrating the result of
violating the rule against perpetuities, which is that the
first taker or the taker of the beneficial interest takes
the entire interest in fee at once. It was argued in the
court below that this will did not violate the rule a-
gainst perpetuities because by its terms during the
lives of the trustees or the survivor of them. We sub-
mit that the will bears no such construction. The time
of the closing of this trust is plainly left by will to
the discretion of the trustees or the survivor of them.
We submit that under the terms of the will and codicil
the closing of this trust could be held up indefinitely. The
only provision by virtue of which it can be claimed with
any reason that the trust is required to be closed within
the life or lives of persons in being is that clause
which provides that in the case of the death of Tynes
Phillips, appellant, without surviving child or children
his interest shall go to the other children of the testa-
tor or their descendants.

The trust does not have to be closed because of the death of all of the trustees. The title and estate of the trustee in trust of this character decends to his heirs; according to some authorities to his oldest son; according to others, to his heirs in general as any other estate, and must be administered by his heirs as provided in the trust instrument. In other words the same duties devolve on the heirs of the trustee as devolved on the trustee. This question does not seem to be open to doubt from the authorities.

Originally the title of the trustee was an estate subject to the common-law rights of Dower and Curtesy. The title and estate of the trustee could be devised by him just like his own property. 28 Am. & Eng. Ency. of Law (2 Ed.), 938.

"In the absence of any testamentary disposition of the estate, all special statutes regulating its devolution, the trustees' title will generally descend to the trustees' heirs-at-law subject to the trust. It seems that the descent in such cases will be to the trustees' oldest son, as at common law. 28 Am. Eng. Ency. of law, (2 Ed.) 938-939.

In notes one and two of the text above quoted there is cited in support of the text decisions from England, Pennsylvania, Illinois, Kentucky, Maine, Missouri, New Jersey, Tennessee, Delaware, Maryland, and South Carolina, and no cases are cited to the contrary. "Upon the death of the survivor of trustees, the title will pass, by operation of law, to his heir at law, if the trust is of real estate." Hill on Trustees, Margin 303.

The title of the trustee does not remain in abeyance on his death, or vest in the courts of equity. 39 Cyc., 270. The fact that the trustees are the sons of the testator and the testator had reposed confidence in them and has vested in them large discretionary powers, does not prevent the title and estate of the trustees from descending to their heirs. There is no such principle of law as that, so far as we have been able to find. Sup-

pose it is true, however, that the title of the trustees could not descend to their heirs, it would not necessarily follow that the trust would have to be closed within the time limited by the rule against perpetuities. In a case of that kind a court of equity could appoint a trustee, and supervise the execution of the trust. It is a well-settled principle of equity that a trust will not be permitted to fail for want of a trustee. The court of equity which is perpetual, through it own arm, would then have absolute power under the will to say when the trust should be closed; and if it would have the power to close the trust at a period beyond the time limited by the rule against perpetuities, the trust would be invalid. We respectfully submit that by this codicil, by virtue of the operation of the rule against perpetuities, Tynes Phillips was at once, on the death of his grandfather, entitled to the entire interest in his estate free from the trust imposed.

In the court below counsel relied on *Cohea* v. *Johnson,* 69 Miss. 55 and *Security Co.* v. *Snow,* 66 Am. St. Rep. 107. We have examined these cases. We do not believe that the Cohea case has anything to do with this question. The court held in that case that the trust involved was not a purely personal one and that therefore the administrator had the right to sell the land. In the case of *Security Company* v. *Snow* the trust instrument provided that the trustees should take the share of one of the daughters of the testator and transfer it to her from time to time during her life as she might need it. The court held that under the trust instrument all of the trust property was required to be turned over to the beneficiary and the failure of the trustee so to do would not prevent the closing of the trust by the death of the trustee. We do not see the force of these authorities in this case. Now let us test the soundness of the principle contended for by opposing counsel:

There is one thing so plain in codicil that there can be no mistake as to what it is, and that is that these

trustees are given the absolute title to the share or interest of Tynes Phillips, with the limitation alone that they may, if they see fit, at some time, turn it over or convey title to him. It is plainly left discretionary with the trustee whether Tynes Phillips shall ever have the enjoyment of his interest. How can such a trust under our system of laws be upheld? The purpose of the testator must be carried out. Suppose both of these trustees died, would that close the trust? Here we would have Tynes Phillips, a child of eight years old. Does this will mean that under these circumstances Tynes Phillips would have the absolute title to his share at once? Clearly the purpose of the testator was that this grand-son should not have the absolute ownership of his share until such a time as he was fit to have it and enjoy it; we submit that under such circumstances it would be the duty of a court of equity to see that the purpose of the testator was carried out by appointing another trustee. According to the idea of opposing counsel, if both of these trustees were to die, now Tynes Phillips would immediately come into complete possession and enjoyment of his share. We repeat that if this be true, it would clearly do violence to the purpose and intention of the testator.

This case is like no other. The testator never fixed any time for the closing of this trust and we ask how can the court do it?

But if we are mistaken in our views heretofore expressed, then we contend that if any time is fixed by the will for the termination of this trust, it is the coming of age of this grand-son. The law looks with disfavor upon the holding apart of the fee and the beneficial interest. The law is that the trust for the benefit of any infant terminates when he reaches his majority. 28 Am. & Eng. Ency. of law (2nd Ed.), 946.

Now we contend that if opposing counsel are right that this trust must be closed during the life or lives of the trustees, we say that under the principle above

cited, in connection with the language of this codicil, it must be closed when Tynes Phillips reaches his majority. This is true unless the contrary clearly appears in the will. Tynes Phillips might die with or without issue before he reaches his majority. It seems to be the law that the will must be made to provide for the closing of the trust not later than the majority of the beneficiary, unless the contrary clearly appears. Does it clearly appear here?

We contend that the codicil to this will violates the last clause of section 2765 of the Code of 1906, because it is a devise to a "succession of donees living" exceeding two. By the dodicil the trustees are given the estates in fee that constitutes donee number one. On the death of one trustee the survivor takes the estate in fee. That constitutes donee number two, then the surviving trustee has the power under the codicil to turn the estate over to the appellant, Tynes Phillips, the latter then would be donee number three. In case of the death of Tynes Phillips leaving child or children surviving him the surviving trustee is given the power to turn the estate over to such surviving child or children, such child or children would constitute donee number four. The codicil provides that in the case of the death of the appellant, Tynes Phillips, without child or children surviving him, this estate should go to the other children of the testator or their descendents. They would constitute donee number five. At the time the will went into effect as we understand, all these donees were in being except the appellant had no child or children. The two trustees were in being; the appellant Tynes Phillips was in being; the children of the testator were in being. We confess that it is right hard for us to apply this statute to the concrete case, but in the light of the case of *Nicholson* v. *Fields*, 71 So. 900, it looks like the last clause of our statute against perpetuities is violated by this will and codicil. In the Nicholson case there was a devise to a succes-

sion of donees exceeding two in violation of the stat-
ute, and the court held that the first taker took a fee
simple title. The first taker in this case was the ap-
pellant, Tynes Phillips, who took the beneficial interest.
The trustees were not the first takers because they did
not get the beneficial interest; they only got the legal
title in fee. As we understand, the holder of the legal
title in fee never draws to himself the entire fee sim-
ple title including the beneficial interest as the result of
the rule against perpetuities being violated. The entire
beneficial interest as well as the fee goes to the first taker
of the beneficial interest.

*Cox & Cox,* for appellees.

It is contended for appellant that the trust sought
to be created in W. D. Tynes, Jr., and Odie Tynes, vio-
lates the statute against perpetuities in that it seeks to
send the legal title down one line and the beneficial
down another, and fails to provide for their reuniting
within the time fixed by the statute, and that in conse-
quence Tynes Phillips took the property bequeathed to
these trustees freed from the trust.

It will be noted that the trust sought to be created is
a strictly personal trust. Everything is left to the
discretion of the trustees. The property bequeathed is
to be held and dealt with, or sold, reinvested or dis-
tributed, according as the trustees deem proper; and
they are given full and final authority, discretion and
power over the same, both as to the management con-
trol and disposition of the interests bequeathed, and as
to the manner, time and extent to which such interest,
its *corpus* or income should be paid to, or expended for,
or in the interest, of the said Tynes Phillips.

If these provisions do not make this strictly a personal
trust, then I can conceive of no language which could
evidence or effectuate such a purpose. A trust of this
character, resting as it does entirely in personal confi-

dence can be exercised by none other than the trustees named.

It cannot be exercised by an administrator *cum testamento annexo.* "In cases where a relation of purely personal trust is created in *executor nominatim,* the trust cannot be executed by the administrator *cum testamento annexo." Cohea* v. *Johnson,* 69 Miss. 55. See also *Frances* v. *Northern Tr. Co.* (Ills.), 64 N. E. 105. It terminates with the death of the trustee. 39 Cyc., p. 100, Note 81, citing *Benedict* v. *Dunning,* 110 N. Y. App. Div. 303, 97 N. Y. Suppl. 259, 28 Am. Eng. Ency., p. 946, (3) ; *Security Company* v. *Snow,* 66 Am. St. Rep. 107. Obviously no title passes to the heir or legal representative when the trust was a personal one which became extinct on the trustees death. 39 Cyc. 314.

If a trust is a purely personal one, it cannot be exercised by any other than the trustee named, and upon his death becomes extinct. *Chandler* v. *Chandler,* 71 So. 811.

In the light of these well-established principles it is clear that the trust imposed by the will of W. D. Tynes in W. D. Tynes, Jr., and Odie Tynes in respect to Tynes Phillips, is a purely personal one, and cannot survive their death; that nothing could by any possibility pass to their heirs, unless it should be the naked legal title; and if this passed, it would be immediately executed by our Statute of Uses, and united to the beneficial, or equitable, title in Tynes Phillips.

This being true, it is perfectly manifest that there is here no limitation beyond a life or lives in being, or beyond any period fixed by our Statute of Perpetuities.

Whenever the last of the two trustees dies, and not before, Tynes Phillips acquires the absolute legal, as well as equitable, title to the property bequeathed to him in the will. If this should occur during his minority, the property bequeathed will pass into the custody and control of his guardan, just as any other minor's estate would do.

To strike down the trust in the case would make it practically impossible to create a personal trust, and would place an unwarranted and unjust restriction upon the power of testators to impose the terms upon which their bounty should be enjoyed by those upon whom they wish to bestow it.

Appellees respectfully submit that the holding of the chancellor that this is strictly a personal trust is correct, and the finding and decree of the chancellor should be affirmed.

Stevens, J., delivered the opinion of the court.

Appellant presented a petition to the chancery court of Lee County to construe the will of W. D. Tynes, Sr., and the codicil thereto. Appellees answered the petition, and while the record presents, in addition to the pleadings, certain testimony, a proper construction of the codicil will, in our opinion, dispose of the law points relied on by counsel for appellant. The portion of the codicil pertinent to the present inquiry is as follows:

"Second. I desire to provide by this said will as follows with reference to Tynes Phillips, the only child of my deceased daughter, Blanche, and William Leard Keown, the only child of my deceased daughter, Helen, it being my intention that the share in my estate which was bequeathed to their mother or descendants, respectively shall be bequeathed to my sons, W. D. Tynes, Jr., and A. M. Tynes, as trustees and to the survivor upon the following trust:

"I do hereby bequeath and devise to said W. D. Tynes, Jr., and A. M. Tynes, as trustees and to the survivor of them all of that part of my estate which was bequeathed by my said last will and testament to my daughters Blanche, the wife of Henry Phillips, who has died, leaving one son, Tynes; and all that part of my estate which was bequeathed by my said last will annd testament to the child of my daughter, Helen, the wife of S. L. Keown,

who has also died, leaving one son William Leard Keown. Said trustees shall be vested full legal and equitable title in and to these portions of my estate referred to in this item, to be held and dealt with or sold, reinvested or distributed, according as they in their discretion deem proper, hereby vesting in said trustees full and final authority, discretion and power over the same, both as to the management, control and disposition of said interest in my estate and as to the manner, time, and extent to which said interests or the proceeds or income thereof shall be paid to or expended for or in their interest of my said grandson, Tynes Phillips (out of the *corpus*) income or proceeds of the portion bequeathed by my said will to my daughter, Blanche, or her heirs and of my grandson, Wm. Leard Keown (out of the *corpus*) income or proceeds of the portion bequeathed by said will to him provided further that in the event of the death without surviving children of either of my said grandson before the final distribution by said trustees of the respective interest in my estate covered by this item, the balance remaining of the portion of my estate set apart for distribution, in the sole discretion of said trustees, in the interest of such deceased grandson shall revert to my other children or their descendants who shall then be living and be equally divided among them by representation."

It is contended that the portion of the will and codicil above copied violates section 2765 of the Code, our statute, against perpetuities. The argument of counsel is that the testator has undertaken to vest the trustees with the full legal title to the trust estate with absolute power to dispose of the estate in fee; that the testator in so doing has separated for an unlawful time the legal title and the beneficial interest sending the legal title down one line and the beneficial title down another without providing for their uniting within the period fixed by our statute against perpetuities. It is argued that the two trustees jointly constitute the first donee,

the survivor of the trustees the second donee, and that if the survivor should die before the beneficiary of the trust, the legal title would descend to the heirs at law of the trustee still charged with the trust, and the heirs would thereupon become a third donee, etc. Counsel, in our judgment, misconceive the purpose of our statute. We confess it is not altogether easy to gather from the language of this statute the exact legislative intent. Mr. Gray in his work on Perpetuities refers to our statute as "this odd and confused statute." We do not believe, however, that the statute intended to characterize a trustee as a donee. In the present case Tynes Phillips would be the donee instead of the trustee. It is true that the will attempts to invest the full estate in the trustees to be handled and disposed of according to their discretion, and it is doubtful whether Tynes Phillips took any estate whatever in the property itself, as his only interest is in the income or proceeds. Be this as it may this is not a contest by the creditors of Tynes Phillips, and we are not called upon to characterize the estate; that is, to say whether the trustees took a life estate with power of sale or to apply to it any paticular nomenclature.

We may be aided in construing our statute by remembering the reasons that induced the courts to adopt the rule against perpetuties. One of the essential features is that it is a rule against remoteness. Under the terms of Mr. Tynes' will the trust would be administered during the life of his grandson, a fixed and certain period of time. If the grandson should die without surviving children, any remaining portion of the estate "shall revert" to the other children or descendants of the testator. The full disposition of the title will be determined upon the death of the grandson. This is a contingency in no wise remote under the rule against perpetuities, and the rule against remoteness is not violated. According to many authorities, one of the primary inducements for adopting the rule against per-

petuities was to prevent title to property from being inalienable for too long a time. In the instant case the trustees have full power to convey a good title even during the life of the trust, and so it is that this rule against inalienability is not violated.   There is, then, no merit in the argument that Tynes Phillips took a fee-simple title because of any violation of our statute. The statute, in our judgment, is not violated.

In the conclusion reached by us we do not approach the question of what estate Tynes Phillips would take in event the statute were violated, or the question upon whom the legal title would devolve in event both trustees should die during the lifetime of the beneficiary of the trust.   We can conceive of a case where the testator might invest a trust company with the legal title for the benefit of a minor or spendthrift, or a case where the chancery court would be called upon to name several trustees during the life of the beneficiary. The statute was never designed to regulate the number of trustees.

*Affirmed.*